# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:17-cv-00298-FDW

| | |
|---|---|
| MARON DUVELLE DOUGLAS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court upon initial review of Petitioner's pro se 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus. (Doc. No. 1.) This action shall be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs the courts to dismiss any habeas petition when it plainly appears the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254.

Petitioner is a prisoner of the State of North Carolina, who pled guilty on July 26, 2016, in Mecklenburg County Superior Court, to possession of crack cocaine. (Pet. 1, Doc. No. 1.) He was sentenced to 20-24 months incarceration, followed by 12 months of probation. (Pet. 1.)

Petitioner does not raise any grounds for relief related to his 2016 state judgment, however. Instead, he asks the Court "to resolve [his] violation of Federal Probation in a timely and [convenient] fashion." (Pet. 5, 15.)

A review of federal district court records reveals that on August 28, 2012, Petitioner pled guilty in this Court to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g), and possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(C). See Plea Agreement at Doc. No. 10, Acceptance and Entrance of Guilty Plea

1

at Doc. No. 11, United States v. Douglas, 3:12-cr-00174-MOC-1 (W.D.N.C.). Judgment was entered on November 5, 2013, the Honorable Max O. Cogburn presiding, and included active time and a period of supervised release. See J., id. at Doc. No. 19.

Petitioner's period of supervised release began on September 11, 2015. Id. at Doc. No. 23. On July 29, 2016, the United States Probation Office filed documents in this Court alleging that Petitioner had violated the terms of his supervised release. Id. at Doc. Nos. 23, 24. No further action has been taken in that matter.

A § 2254 habeas petition may be granted to a person in custody pursuant to a state court judgment, only if his custody by the State "is . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.A. § 2254. Because Petitioner raises no challenge to his custody by the State, this Court does not have jurisdiction to grant him relief under § 2254.

Furthermore, the Court will not construe the instant Petition as a 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence by a person in federal custody. Petitioner does not challenge his federal conviction or sentence but only seeks resolution of the supervised release issue. A § 2255 motion does not serve the latter purpose.

**IT IS, THEREFORE, ORDERED** that the 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED** without prejudice. The Court waives the $5.00 dollar filing fee in order to promptly dispose of this action.

Signed: June 15, 2017

Frank D. Whitney
Chief United States District Judge